IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | |
|---|---|
| **SHENTHEA MANGRUM** : <br> 6235 Lowridge Drive : <br> Canal Winchester, OH 43110 : <br>  : <br> Plaintiff, : <br>  : <br> v. : <br>  : <br> **IMPACT COMMUNITY ACTION** : <br> c/o Robert Chilton, Statutory Agent : <br> 1003 Cloverly Drive : <br> Gahanna, OH 43230 : <br>  : <br> Defendant. : | Case No. <br><br> Judge |

## COMPLAINT

Now comes Plaintiff Shenthea Mangrum (hereafter "Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant Impact Community Action (hereafter "Defendant"), states and avers as follows:

## THE PARTIES

1. Plaintiff is a resident of the State of Ohio, County of Franklin. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by 29 USCS §§2611.

2. Defendant is a community action agency headquartered in Columbus, Ohio and organized under the laws of the State of Ohio.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 29 USCS §§ 2611 et seq., 42 U.S.C.S. § 12101, and 28 USC Section 1331. Supplemental Jurisdiction is invoked pursuant to 28 USC §1367.

4. The unlawful discrimination and employment practices alleged below were committed within the State of Ohio, in the Southern District, Eastern Division of this Federal Court.

5. At all relevant times hereto, Plaintiff worked for Defendant in Franklin County, Ohio, which is the county in which the Defendant conducted the activity that gave rise to Plaintiff's claim for relief, and the county in which all or part of Plaintiff's claim arose.

6. At all times pertinent hereto, Defendant was an "Employer" within the meaning of 29 CFR Section 825.104, Title VII of the Civil Rights Act of 1964 as amended, 42 USC Section 2000e(d) as well as Title 4112 of the Ohio Revised Code.

**FACTUAL ALLEGATIONS**

7. Plaintiff incorporates her allegations set forth in paragraphs 1 through 6 above as if fully rewritten herein.

8. Plaintiff began employment with Defendant in 2019 as an Achieve More & Prosper Coach (hereafter "AMP Coach"). In this position, Plaintiff acted as a community liaison for Defendant's Comprehensive Case Management Employment Program.

9. In September 2020, Plaintiff was diagnosed with Stage 1 breast cancer that required surgery. After which, Plaintiff would be disabled and would require a reasonable accommodation to perform the essential functions of her job during her recovery.

10. On September 29, 2020, Plaintiff notified Defendant of her serious medical condition and disability, applied for FMLA, and requested a reasonable accommodation.

11. Defendant approved Plaintiff's FMLA leave to begin on October 29, 2020 and end on November 25, 2020.

12. After Plaintiff's initial surgery on October 29, 2020, Plaintiff's physician determined she required two additional surgeries. Plaintiff's additional surgeries were performed on November 12, 2020 and November 24, 2020.

13. Plaintiff's FMLA leave was extended through January 4, 2021.

14. Prior to Plaintiff's approved FMLA leave, Defendant restructured its job descriptions and encouraged all staff to apply the new positions by October 30, 2020. If staff members did not apply for the new positions, their positions would be terminated on December 4, 2020.

15. Plaintiff applied for three different positions including AMP Coach Manager position on October 28, 2020 and interviewed for the position on November 13, 2020.

16. On November 19, 2020, Defendant terminated Plaintiff effective December 4, 2020.

17. Further, Defendant informed Plaintiff she would be required to work from home starting November 30, 2020 through her termination date, December 4, 2020, even though Plaintiff was approved for FMLA through January 4, 2021.

18. At all times prior to Plaintiff's termination, she met Defendant's expectations for her job performance, including, but not limited to applying and interviewing for a new position due to Defendant's internal job restructure. The positions for which Plaintiff applied remain unfilled. Further, the position held by Plaintiff prior to seeking FMLA remains unfilled even with the restructure.

19. Defendant fired Plaintiff for use of her approved leave under the FMLA, documented disability, and request for an accommodation.

**FIRST CAUSE OF ACTION – FMLA Retaliation**

20. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 19 above as if fully rewritten herein.

21. At the time of Plaintiff's termination Plaintiff was qualified and/or eligible to receive FMLA.

22. Defendant is an employer as defined by 29 U.S.C.S.§2611(4)(A)

23. At the time of Plaintiff's termination, Plaintiff was entitled to FMLA.

24. Plaintiff gave her employer as well as her Supervisor proper notice of her need to use of FMLA.

25. Similarly situated employees who did not use FMLA were not terminated by Defendant.

26. Plaintiff was terminated due to her use of FMLA.  The position which Plaintiff held prior to her application for and use of FMLA remains unfilled (despite restructuring).

27. Defendant, by terminating Plaintiff, retaliated against Plaintiff for seeking FMLA leave and/or attempted enforcement of FMLA rights to which she was entitled.

28. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

**SECOND CAUSE OF ACTION – Disability Discrimination Ohio Rev. Code Ann. § 4112.02**

29. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 28 above as if fully rewritten herein.

30. At the time of Plaintiff's termination, Plaintiff had a disability as defined by Ohio Rev. Code Ann. § 4112.01.

31. Plaintiff was qualified to perform the essential function of the job, with or without reasonable accommodations by Defendant.

32. Plaintiff was terminated as a result of her disability.

33. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

**THIRD CAUSE OF ACTION – Disability Discrimination Retaliation Ohio Rev. Code Ann. § 4112.02**

34. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 33 above as if fully rewritten herein.

35. At the time of Plaintiff's termination, Plaintiff was entitled to a reasonable accommodation under Ohio Rev. Code Ann. § 4112.02.

36. Plaintiff requested a reasonable accommodation for her disability.

37. Plaintiff was terminated due to her request for a reasonable accommodation.

38. There is a causal connection between Plaintiff's request for a reasonable accommodation and Plaintiff's termination to which she was entitled.

39. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

**WHEREFORE,** Plaintiff Shenthea Mangrum prays for judgment against Defendant Impact Community Action, on all three causes of action jointly and severally, for compensatory and punitive damages, including but not limited to emotional and physical distress, suffering,

inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

**KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

By: /s/ Erica Ann Probst
Erica Ann Probst  #0073486
Attorney for Plaintiff
88 West Mound Street
Columbus, Ohio  43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

**KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

By: /s/ Erica Ann Probst
Erica Ann Probst  #0073486
Attorney for Plaintiff
88 West Mound Street
Columbus, Ohio  43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com